N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEVIN S. HOPPIS                                                                                  PLAINTIFF

vs.                                             Civil No. 3:12-cv-03153

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kevin S. Hoppis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on June 28, 2010.  (Tr. 10, 132-144). Plaintiff alleges being disabled due to mental illness.  (Tr. 174).  Plaintiff alleges an onset date of August 1, 2009. (Tr. 174).  These applications were denied initially and again upon reconsideration. (Tr. 72-90).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 91). An administrative hearing was held on July 8, 2011. (Tr. 26-71). At the administrative hearing, Plaintiff was present and was represented by attorney Ruck Spencer. *Id.* Plaintiff, Vocational Expert ("VE") Floyd Massey, and Plaintiff's father, Reed Hoppis, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 29). Plaintiff also testified at this hearing that he had a high school education. *Id.*

On November 16, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2009, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had severe impairments including anxiety, depression and hypertension. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, but can frequently climb, balance, crawl, kneel, stoop, and crouch. *Id.* The ALJ also found Plaintiff was able to perform work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables; where little judgment is required, and where the

supervision required is simple, direct, and concrete. *Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a production worker with approximately 3,500 such jobs in the region and 300,000 such jobs in the nation, dishwasher with approximately 1,000 such jobs in the region and 135,000 such jobs in the nation, and hand packager with approximately 2,500 such jobs in the region and 300,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since August 1, 2009. (Tr. 21, Finding 11).

On December 2, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 131). On October 25, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On December 4, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 26, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 10, Pgs. 9-14. Specifically, Plaintiff claims the ALJ erred in failing to develop the record and the decision was not supported by substantial evidence. *Id.* The Court has considered these arguments and agrees with Plaintiff's claim. Because the ALJ erred in evaluating medical findings and by failing to fully evaluate his Global Assessment of Functioning ("GAF") scores, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-

Case 3:12-cv-03153-BAB   Document 12    Filed 12/20/13   Page 6 of 7 PageID #: 105

45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).  A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms.  Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff underwent an Adult Diagnostic Assessment on August 19, 2010.  (Tr. 283-288).  As a part of that examination, Plaintiff was assessed as having a GAF score of 75.  (Tr. 288).  On September 1, 2010, Plaintiff was seen by Dr. Terry Efird for a Mental Diagnostic Evaluation.  (Tr. 289-292).  Plaintiff's GAF score was listed as 55-65.  (Tr. 291).  Plaintiff was seen at Health Resources of Arkansas on September 15, 2010.  (Tr. 357).  The progress note from this visit shows Plaintiff's GAF score as 42.  *Id.*  Finally, Plaintiff's Mental RFC Questionnaire from December 29, 2010 indicates Plaintiff's GAF score was 35.  (Tr. 321).  These last two GAF scores represent "serious symptoms."

The ALJ only mentioned Plaintiff's GAF score of 75 and 42 in his opinion.  (Tr. 17).  The ALJ failed to discuss or even mention Plaintiff's other GAF scores, the final one which was measured

at 35. It was the ALJ's responsibility to evaluate Plaintiff's GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with adjustment disorder, anxiety, depression, and unspecified mental disorder. (Tr. 291, 367, 368).

Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of December 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE